[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff William Byrne appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license for a period of six months. The commissioner's decision was based on the plaintiff's alleged refusal to submit to a chemical test of the alcohol content of his blood and pursuant to General Statutes § 14-227b. The plaintiff's appeal is authorized by General Statutes § 4-183. The court finds the issues in favor of the defendant commissioner.
In his brief, the plaintiff asserts two bases for his appeal: (1) that the commissioner's hearing officer erroneously admitted into evidence at the administrative hearing the report of the arresting police officer, the A 44 report; and (2) that the commissioner lacked jurisdiction to suspend the plaintiff's license.
The only evidence presented at the administrative hearing and in the record is the police officer's A 44 form, including a supplemental narrative report. Although the plaintiff was present at the hearing, he did not testify. The police report states that the officer responded to a report of a motor vehicle accident at 1:44 a.m. on December 1, 1993, on Route 9, northbound, near Exit 4. "Upon arrival this trooper observed the oper. CT Page 6943 William S. Byrne . . . attempting to dislodge his vehicle from the right shoulder. . . ." After administering the usual field sobriety tests, the officer arrested the plaintiff. The report states that the offense for which he was arrested was "D.U.I." Subsequently, at 2:35 a.m., the plaintiff refused to submit to a test when requested by the police.
The plaintiff contends that the A 44 report form, as completed by the police officer in this case, does not conform to the motor vehicle department's regulations and, therefore, should not have been admitted in evidence. Specifically, he argues that the report does not indicate the time when the plaintiff is alleged to have been operating his vehicle, and he argues that it does not indicate that the police arrested the plaintiff for one of the offenses enumerated in General Statutes § 14-227b. These contentions cannot be sustained.
General Statutes § 4-178 provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that this includes even hearsay evidence so long as it is reliable and probative. Cassella v.Civil Service Commission, 4 Conn. App. 359, 362 (1985); aff'd 202 Conn. 28, 33 (1987). Although there are exceptions to this rule, the plaintiff has raised no real questions concerning the reliability or probative value of the A 44 report. The police officer signed it under penalty of false statement, there is no evidence in the record that is in conflict with any of the statements contained in the report, and it is obviously relevant to the issues to be decided by the commissioner's hearing officer.
More importantly, the report does indeed indicate when the plaintiff was operating his vehicle; that was at 1:44 a.m., when the police officer observed him trying to "dislodge" it from the road shoulder. The report also indicates that the police arrested the plaintiff for operating a motor vehicle while under the influence of intoxicating liquor, which is one of the violations specified in § 14-227b(b). The term "D.U.I." is so universally recognized as an abbreviation for the official designation of drunk driving as to be CT Page 6944 unmistakable.
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through4-189), and the scope of that review is very restricted. . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotations marks omitted.) Board of Education v. Freedomof Information Commission, 208 Conn. 442, 452 (1988). In the light of these familiar principles, the hearing officer's implicit findings concerning the time of operation and the offense for which the plaintiff was arrested were fully justified.
The second basis of the plaintiff's appeal, that the agency lacked subject matter jurisdiction to suspend his license, also focuses on the police officer's use of the "D.U.I." abbreviation. For the reasons stated above, the plaintiff's position cannot be sustained.
The appeal is dismissed.
MALONEY, J.